The Superior Court have adopted different principles, in several adjudications, dictated by an imposing equity in particular cases, but which, in their consequences, tend to bring written securities down to a level with mere charges on book, and serve to enable the obligor, by his own testimony, effectually, though indirectly, to destroy his written security. There has, also, been one adjudication of the Court of Errors of the same kind; but the consequences, which have followed, probably were not, then, foreseen. The principles, involved in that decision, are an evident departure from the original action of book debt.

1803.

BRADLEY
*v.*
GOODYEAR.

## Beardsley *v.* Bennett.

### In the original petition,

DANIEL BENNETT, *Petitioner*; SILAS BEARDSLEY, DANIEL KINNEY, and JOB TURRELL, jun. *Respondents.*

THIS was a petition in chancery to the County Court, stating, that on the 19th of October 1799, *Turrell*, one of the respondents, resident in New-Milford in the County of Litchfield, proposed to sell to the petitioner a lot of land in the Susquehanna Purchase, in Pennsylvania, and offered to procure a warrantee deed of the same from *Kinney*, another of the respondents, resident in Pennsylvania, defending against all claims, except the adverse claims of the State of Pennsylvania; that *Turrell* declared to the petitioner, that he knew *Kinney* to be the legal owner of the Connecticut claim to said land, that he had a good right to convey the same, and that he was a man of responsibility, and of a fair character; that the petitioner, confiding in the representations of *Turrell* as to the title, and being himself ac-

A. B. and C. by fraudulent practices upon D. obtain from him a promissory note, payable to C. who is a bankrupt; chancery will relieve against this note.

1802.

BEARDSLEY
v.
BENNETT.

quainted with the quality of the land, agreed with *Turrell* to purchase the same ; and that, upon *Turrell's* procuring from *Kinney* and delivering to the petitioner a deed of said land, purporting to be a regular conveyance, the petitioner executed eight promissory notes, of $20 each, in payment thereof, which, at the request of *Turrell*, were made payable to *Beardsley*, another of the respondents, resident in Pennsylvania. The petitioner then averred, that *Kinney* never had any title to said land, and that the representations of *Turrell* to the petitioner respecting the same were false and fraudulent ; that the notes were obtained from the petitioner without any consideration or benefit to him ; that the contract was illegal and contrary to the express provisions of the then existing laws of Pennsylvania ; that the respondents were all concerned in the fraud ; and that *Kinney* and *Beardsley* were both bankrupts. After stating that five of the notes had been put in suit, the petition concluded, by praying for an injunction against any further proceedings at law thereon, and that they, and those not in suit, might be cancelled.

The County Court found the facts as stated in the petition, and thereupon decreed against the notes, and ordered them to be delivered up, on a joint penalty against the then respondents. The Superior Court, on a writ of error, affirmed that decree.

In the writ of error to this Court, the general error was assigned.

*Smith*, (of Woodbury) and *Bronson*, for the plaintiffs in error.

*Smith*, (of New-Haven) and *Skinner*, for the defendant.

THE COURT affirmed the judgment, DAGGETT and EDMOND, *Asts.* dissenting, on the ground, that, for aught which appeared, *Turrell* was a man of property, and the petitioner had a clear and adequate remedy against him, for the fraud, in an action at law.

1803.

BEARDSLEY
*v.*
BENNETT.

## Tweedy *v.* Picket.

In the Court below,

TWEEDY and HOWARD, *Plaintiffs;* THOMAS PICKET, *Defendant.*

THIS was an action of ejectment.

The plaintiffs claimed title by the levy of an execution; the defendant, by a conveyance from *Ebenezer Picket.*

The jury, found a special verdict, from which it appeared, that on the 13th of September, 1796, *Seymour Picket,* being seized of the demanded premises in fee-simple, conveyed the same to *Ebenezer Picket,* who immediately entered, and, *on the 30th of March,* 1799, *at half past two, in the afternoon,* procured his deed to be recorded, and that on the 8th of October, 1796, *Ebenezer Picket* conveyed the premises to the defendant, who immediately entered and continued in possession. It also appeared, that on the 29th of March, 1799, the plaintiffs attached the premises as the property of *Seymour Picket,* which attachment was recorded *on the 30th of March,* 1799, *at half past eleven, in the forenoon;* that the plaintiffs afterwards obtained judgment against *Seymour Picket,* took out execution, and levied the same on the premises; that the plaintiffs appointed one appraiser, and the execution debtor neglecting to appoint any, the

*In order to make out a title to land, by the levy of an execution, it must be shewn, that the appraisers were indifferent freeholders, and that they were sworn according to law.*

*An appraiser, who is uncle to the creditor's wife, is not "indifferent" within the meaning of the statute.*